*Smith & Spradlin,* for plaintiff in error.

*Willis Smith, solicitor,* contra.

---

#### 8725. ALEXANDER *v.* THE STATE.

WADE, C. J. 1. Section 2 of the act of 1915 (Acts of 1915, Extraordinary Session, p. 91) declares that "it shall be unlawful for any minor, or person, while intoxicated, to receive or acquire possession of any such liquors or beverages." This part of this section, when construed in connection with the entire act, and in the light of the evident purpose of the legislature to regulate and restrict the shipment and delivery of intoxicating liquors and "mitigate the evils of intemperance," was clearly intended to throw the arm of protection around all persons "while intoxicated," *and also* around all minors, whether drunk or sober, by making it an offense against the penal law either for minors or for intoxicated persons to receive or acquire possession of any such liquors. Thus construed, the words "while intoxicated," in the section referred to, qualify the word "person" only, and do not qualify or relate to the words "any minor."

2. An indictment alleging that the accused, on a day and year and in a county named, "with force and arms did, being then and there a

minor, receive and acquire possession of spirituous, vinous, malted, fermented, and other intoxicating liquors, contrary to the laws of said State, the good order, peace and dignity thereof," was not subject to demurrer because it failed to allege further that the accused "was intoxicated at the time of receiving and acquiring possession of such liquors."

3. No other questions being involved therein, the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. George and Luke, JJ., concur.*

DECIDED JUNE 13, 1917.

Certiorari; from Putnam superior court—Judge Park. March 19, 1917.

*Roy D. Stubbs,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.